20030087.JMB

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

DOCKETED MAR 1 3 2003

LEONARD GARRETT,
    Plaintiff

Vs

Mayor E. Miller, Ald. D. Webb, Police Commissioner Ray Ashley., Police Chief Eric Lymore, Sgt. Tyler, Sgt. K. Wright and The City of Markham, Ill. d/b/a A Municipal Corp.
    Defendant.

No.: 02 C 5437

FILED

MAR 1 2 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF FILING

To:   Service List

PLEASE TAKE NOTICE that on the 12 day of March 2003 we have filed with the U.S. District Court, Northern District of Illinois, **DEFENDANT'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS UNDER 12(B) AND (6)**, a copy of which is attached hereto.

BRODERICK, STEIGER & MAISEL
500 West Madison Street
Suite 2520
Chicago, Illinois 60661
312-648-5945

## PROOF OF SERVICE

I, M. Gallardo, first duly sworn on oath, deposes and says the attached document was served on the party, or parties, as above addressed, by enclosing a copy of same in an envelope, or envelopes, sealed, postage prepaid and depositing same in the United States Mail Chute at 500 West Madison Street, Chicago, Illinois 60661, on the 12 day of March 2003.

_M. Gallardo_

Leonard Garrett v. Mayor E. Miller et al.
02 C 5437

SERVICE LIST

**Plaintiff:**
Leonard Garrett
54 Deerpath Road
Matteson, IL 60443
(708) 720-9273



DOCKETED
MAR 13 2003

20030087.JMB

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD GARRETT,<br>    Plaintiff<br>Vs<br>Mayor E. Miller, Ald. D. Webb, Police Commissioner Ray Ashley., Police Chief Eric Lymore, Sgt. Tyler, Sgt. K. Wright and The City of Markham, Ill. d/b/a A Municipal Corp.<br>    Defendant. | No.: 02 C 5437 |

FILED
MAR 12 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### DEFENDANTS REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS UNDER 12(B)(4) AND (6)

NOW COME the Defendants, Mayor E. Miller, Ald. D. Webb, Ray Ashley, Sgt. Tyler, Sgt. K. Wright, and the City of Markham, by and through their attorneys, BRODERICK, STEIGER & MAISEL state as follows:

1. Defendants have filed a Motion to Vacate and Motion to Dismiss for improper service upon the Defendants. In response, Mr. Garrett makes three points. First, he says that the City of Markham is not a party to the Motion. Plaintiff's statement is inaccurate as demonstrated by the caption in his own papers.

2. Second, Plaintiff claims that, in contrast to the present Complaint, Judge Flanagan had disposed of a Complaint involving injuries to Plaintiff's business rather than matters touching upon violation of Section 1983.

3. Attached hereto is **Exhibit D** as a true and correct copy of Plaintiff's Motion for Second Amended Complaint. This Second Amended Complaint appears to be the Second Amended Complaint alluded to by Judge Flanagan. Plainly, that Second Amended Complaint alleges constitutional violations during the same period of time as

that alluded to in the present Complaint. (See Exhibit D paragraphs 1, 3, 6, and Counts II and III of said Complaint).

4. Further, Plaintiff's own Motion to Appoint Counsel in this case indicates that he is claiming violations that occurred "ongoing" from "October 1998 through October 7, 2000 and November 10, 1999 to October 7, 2000" which is the same period of time covered in the previously dismissal Second Amended Complaint.

5. The Plaintiff does not apparently challenge the insufficiency of service of process on the remaining Defendants but only the City of Markham. In this regard, the Plaintiff claims that Federal Rule 4(b)(1) permits service upon elected officials, corporations and associations and apparently service upon the Mayor's secretary is sufficient service upon the municipality. This is incorrect. In *Dumer vs. City of Chicago*, 22 Fed. Supp. 2nd 7777 (N. D. IL 1998) the court held that Federal Rule 4(j) mandates that service upon the City must be effectuated by leaving a copy of the Summons with the Mayor or the City Clerk. Plaintiff has failed to show that service was effectuated in accordance with F.R. C.P. 4(j).

6. Further, in *Wilson vs. Garcia*, 471 US 261 105 S. Ct. 1938 (1985) the U. S. Supreme Court specifically held that the statute of limitations in Section 1983 actions is governed by the general state statute of limitations applicable to personal injury actions. On its face, Plaintiff's Complaint alleges events that fall outside the ambit of the applicable Statute of Limitations under Illinois law (See 735 ILCS 5/13-202). Thus, even if this court assumes that service was proper upon the City of Markham, (but not among the remaining Defendants) then the City should still be dismissed on this ground as well.

7. There are of course, additional grounds for dismissal as stated in the Defendant's Motion to Vacate. Most notably, Plaintiff's claims are barred by res judicata. Res judicata bars successive suits involving the same parties arising out of the same

transaction. This bar applies to claims that were actually litigated and those that could have been litigated in the earlier case. See e.g. *City of Chicago v. Shalala*, 1998 W.L. 164 889 (N.D. Ill. 1998); *River Park, Inc. vs. City of Highland Park*, 184 Ill. 2d 290, 703 N.E. 2d 883 (1998).

8. Seen from this perspective, Judge Flanagan's dismissal of Plaintiff's "Second Amended Complaint" was a dismissal on the merits by any vantage point id. See also *Slavov v. Marian International*, Inc. 990 Fed. Supp. 566, 750 (N.D. Ill 1998).

9. The dismissal involved, at least in part the same "transaction" as that involved here, namely, constitutional violations in September and October 1999. Given that the transactional test is the prevailing test to the employed for res judicata purposes. Plaintiff's current Complaint is barred. [1]

10. Finally, Plaintiff notes that the Affidavit attached to Defendant's original submission was an unsigned copy of an Affidavit and the signed, executed Affidavit was actually at least filed with the court later. This is insignificant since the Affidavit does not really govern the outcome of this case to the extent that Federal Rule 4(j) mandates a specific type of service upon governmental entity. Indeed, the Affidavit could be disregarded by the court, if it so wishes. The Marshall's return of service demonstrates that Clerk of the Court was not appropriately served nor was the Mayor.

---

[1] Defendants hereby withdraw their citation in their original brief to *Dubina v. Mesirow Realty Development, Inc.* 178 Ill. 2d 296, 687 N.E.2d 871, 227 Ill. Dec. 289. In its place, the appropriate citation should be *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325 665 N.E. 2nd 1199 (1996). This case directly stands for the proposition in a voluntarily dismissal suit, the transactional test not only pertains to claims that were brought in the first action but those which *could* have been brought in the earlier litigation. [1]

3

WHEREFORE, Defendants pray that the above referenced matter be dismissed with prejudice.

Respectfully submitted,

Jeffrey M. Brown

BRODERICK, STEIGER & MASIEL
500 West Madison Street
Suite 2520
Chicago, IL 60661
(312) 648-5945

SEE CASE FILE FOR EXHIBITS