# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5437 | **DATE** | 4/3/2003 |
| **CASE TITLE** | LEONARD GARRETT vs. MAYOR E. MILLER, ETAL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (13-1) to dismiss is denied. Motion (14-1) to vacate default judgment against defendants Miller, Webb, Ashley, Tyler, Wright, and City of Markham is granted. Motion (18-1) for judgment by default is denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | APR 04 2003 | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| DW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEONARD GARRETT,

    Plaintiff,

v.

MAYOR E. MILLER, ALD. D. WEBB,
POLICE COMMISSIONER RAY
ASHLEY, POLICE CHIEF ERIC
LYMORE, SGT. TYLER, SGT. K.
WRIGHT, and THE CITY OF
MARKHAM, ILL. d/b/a A Municipal Corp.,

    Defendants.

No. 02 C 5437
Judge James B. Zagel



## MEMORANDUM OPINION AND ORDER

Leonard Garrett filed a *pro se* civil rights case against various officials in the City of Markham and the City itself and then employed the services of the U.S. Marshals to serve the defendants. The various service returns indicate that the Marshals were instructed to serve the following: "Mayor E. Miller, City of Markham," "Police Chief E. Lymore, Markham Police Dept. - City of Markham," "The City of Markham (d/b/a Municipal Corp.)," "Alderman D. Webb City of Markham," "Sergeant Tyler," "Sergeant Wright," and "Police Commissioner Ray Ashley." Each return form lists "16313 Kedzie Parkway Markham, IL 60426" as the address for service. On December 5, 2002, a U.S. Marshal attempted service of all defendants on a person designated as "Vita Corney, Secretary to Mayor." In January 2003, Garrett moved for default judgment, which I granted. Defendants Miller, Webb, Ashley, Tyler, Wright, and the City of Markham now move to vacate this default judgment and dismiss Garrett's suit (presumably under Federal Rule of Civil Procedure 12(b)(5)) based on Garrett's failure to effectuate proper



service upon the defendants under Rule 4(d). Defendants claim that Corney was not authorized to accept service on behalf of any of the defendants.[1]

Motion to Vacate

Rule 4(m) provides that service of process shall be "made upon a defendant within 120 days after the filing of the complaint." Fed.R.Civ.P. 4(m). Regarding the individual defendants, Rule 4(e) requires service upon an individual to be had upon the person. Fed.R.Civ.P. 4(e). Here, no individuals named in the lawsuit were personally served. As such, vacating the default judgment against them is proper, including vacating the judgment against defendant Lymore, who is not a party to the motion.

Regarding defendant City of Markham, Rule 4(j) mandates that service upon a local government shall be effectuated by delivering a copy of the summons and complaint to the local government's chief executive officer or in a manner prescribed by the law of the state. Fed.R.Civ.P. 4(j). Under Illinois law, service upon a governmental entity may be effectuated by leaving a copy "with the president or clerk or other officer corresponding thereto." 735 ILCS 5/2-111. Litigants must strictly adhere to this rule. In *Dunmars v. City of Chicago*, 22 F.Supp.2d 777, 781 (N.D. Ill. 1998),[2] this Court held that a plaintiff failed to make proper service of process

---

[1] In their reply brief, defendants attempt to convert their 12(b)(5) motion to dismiss for failure to effectuate proper service into a broader motion to dismiss under Rules 12(b)(4) and (6) as well. I will not allow this and ignore the portions of the reply brief addressing these alleged bases for dismissal. If defendants wish to dismiss the case on these bases, which may be meritorious, then they must submit a motion explicitly moving as such, which I encourage them to do.

[2] I am quite fortunate to have found this case in light of defense counsel's multiple mistakes in citing to it in his reply brief. In fact, counsel's citations are poor throughout all his

2

on a city when he sent a copy of the amended complaint by certified mail to the office of the corporation counsel. More recently and more analogous to the present case, this Court held that a *pro se* plaintiff failed to show that he properly served a municipal defendant, thus warranting dismissal of his suit, where the return of service listed a secretary who did not have authority to receive service on behalf of the municipality as the person who received service. *Miles v. WTMX Radio Network*, No. 02 C 0427, 2002 WL 31369424, *5 (N.D. Ill. Oct. 18, 2002); *see also Miles v. WTMX Radio Network*, No. 02 C 0427, 2002 WL 1359398 (N.D.Ill. Jun 20, 2002). Illinois courts have similarly held that plaintiffs fail to make proper service on municipalities if they do not serve the mayor or city clerk. *See, e.g., Cavanaugh v. Lansing Mun. Airport*, 681 N.E.2d 39, 43 (Ill. App. Ct. 1997); *Miller v. Town of Cicero*, 590 N.E.2d 490, 495 (Ill. App. Ct. 1992).

In the present case, the City of Markham can only be served by leaving a copy with the Mayor or City Clerk.[3] One could make the argument that the City was properly served on the basis that Vita Corney, Secretary to the Mayor, is an agent of the Mayor, and thus may stand in his place to accept service on behalf of the City. However, analogous cases from other jurisdictions do not support this argument, and thus I reject it based on the persuasive force of these cases. *See Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976) (service on secretary of city clerk and elections director was ineffective where statute required service on

---

pleadings. A few mistakes may be tolerable, but his blatant failure to follow proper citation format is inexcusable. I admonish him not to submit further briefs to this court unless demonstrating a good faith effort to comply with proper format. I refer him to *The Bluebook: A Uniform System of Citation* (Columbia Law Review Ass'n et al. eds. 17th ed. 2000).

[3] In light of 735 ILCS 5/2-211, it is questionable whether Mayor Webb's assertion in his affidavit that he is not authorized to accept service is valid, but that is not the question before me on these facts. Were it before me, however, I would hold that Webb is a proper party for service on the City.

mayor, city clerk, or city attorney); *Meadowdale Neighborhood Committee v. City of Edmonds*, 616 P.2d 1257 (Wash. App. Ct. 1980) (service on mayor's secretary and on city clerk was ineffective where statute requires service on mayor). Therefore, I hold that the City of Markham was also improperly served. As such, vacating default judgment against them is appropriate.

Motion to Dismiss

Under Rule 4(c), it is the responsibility of the plaintiff to see to it that the summons and complaint are served within the time period allotted under Rule 4(m). Fed.R.Civ.P. 4(c). If that time period is not met, Rule 4(m) states that the Court "shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed.R.Civ.P. 4(c). In light of Garrett's status as a *pro se* litigant proceeding *in forma pauperis*, I hold that there is good cause to extend the period for service rather than to dismiss the action. *See Miles v. WTMX Radio Network*, No. 02 C 0427, 2002 WL 1359398, at *7 (N.D.Ill. Jun 20, 2002), *report and recommendation approved in part by*, 2002 WL 1613762 (N.D.Ill. Jul 17, 2002).

The difficulty in extending service in this case is determining by how much time the deadline for perfecting service should be extended. Garrett filed his complaint on August 1, 2002. Under Rule 4(m), Garrett then had until November 29 – 120 days after filing the complaint – to serve all defendants. However, on August 12, I granted Garrett's petition to proceed *in forma pauperis* upon his payment of a $50 filing fee, which he paid on August 19. Therefore, as of August 19, Garrett became entitled to service by the U.S. Marshals. The returns

of service indicate that the Marshals received Garrett's instructions by at least September 26 but that the Marshals did not serve the defendants until December 5 – 7 days after the November 29 deadline. Therefore, in determining how much time to extend to Garrett in order to perfect service, I find September 26 – the earliest day on which I can determine that the Marshals became obligated to serve the defendants on Garrett's behalf – to be the determinate date. September 26 is 56 days after August 1, so therefore I hold that the period which Garrett has to perfect service should be extended by 63 days.

Along with extending the deadline for perfecting service, I have determined that procedures should be put into place to insure that all service issues will be resolved without undue delay. *See Miles v. WTMX Radio Network*, No. 02 C 0427, 2002 WL 1359398, at *7 (N.D.Ill. Jun 20, 2002), *report and recommendation approved in part by*, 2002 WL 1613762 (N.D.Ill. Jul 17, 2002). Failure of service cannot be wholly attributed to Garrett. Even though Illinois courts addressing the issue of proper service place importance on whether plaintiffs have attempted to ascertain the proper person for service (and presumably place for service)[4] and while it may be entirely appropriate to hold a plaintiff responsible for the failure of his attorney to ascertain the proper person or place for service, *pro se* plaintiffs, especially those like Garrett proceeding *in forma pauperis*, should not be subject to the same standard. As I wrote in an

---

[4] In *Miller*, which is cited above, the plaintiff "made no attempt to ascertain the proper person for service and include appropriate directions for the sheriff on the summons." 590 N.E.2d at 496. The summons simply gave the name "Village of Stickney," with a street address. *Id.* Similarly, in *Cavanaugh*, the "summons merely instructed the sheriff to serve 'Village of Lansing,' with a street address." 681 N.E. at 43. The present situation is just like the situations in *Miller* and *Cavanaugh*. Garrett employed the services of the U.S. Marshal's Office instructing it to serve "The City of Markham" and various village officials at the same street address, presumably the administrative offices for the City.

opinion just a few months ago, "on policy grounds, it seems inappropriate to hold non-attorney *pro se* plaintiffs to the same professional standards as legally-trained and properly-admitted members of the bar or the like." *Kim v. Earthgrains Co., No. 01 C 3895, order of January 3, 2003.* Although *pro se* plaintiffs proceeding *in forma pauperis* have an obligation to help effectuate service, *see Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir.1987) (*pro se* plaintiff proceeding *in forma pauperis* may not remain silent and do nothing to effectuate service; plaintiff should attempt to remedy any apparent service defects of which he has knowledge), I find that Garrett has fulfilled this obligation and does not compare to the severely delinquent and unhelpful *pro se* plaintiff in *Jaiyeola v. Carrier Corp.*, No. 00-CV-1578 (HGM/GJD), 2002 WL 1765610 (N.D.N.Y. July 22, 2002), whose case was dismissed for failure to effectuate proper service.

Furthermore, Garrett employed the services of the U.S. Marshal's Office, an agency presumably familiar with the requirements of proper service, to serve the defendants. The U.S. Marshal's Office, in its regular role as process server, would ordinarily be familiar with the requirements of proper service on both individuals and municipalities, and thus would know that service on a mayor's secretary is not appropriate service for either municipalities or individuals other than the secretary herself. If the Marshal was unfamiliar with the correct procedure (and I do not fault them for being unfamiliar if that was the case), it is difficult to tag Garrett for his own lack of knowledge. A party proceeding *in forma pauperis* is entitled to rely on the United States Marshals to effect proper service and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part. *Middleton v. City of Lakeland*, 830 F. Supp. 1449, 1452 (M.D. Fla. 1993) (citing *Fowler v. Jones*, 899 F.2d 1088 (11th Cir. 1990)).

To facilitate this process, I determine that additional assistance should be provided to Garrett to help him perfect service on defendants, just as the Court determined in *Dudley v. Texas Instruments, Inc.*, No. CIV.A. 302CV292M, 2002 WL 992766 (N.D. Tex. May 13, 2002). Although the option of a waiver of service of process is not appropriate at this late stage, *see Miles v. WTMX Radio Network*, No. 02 C 0427, 2002 WL 1613762 (N.D.Ill. Jul 17, 2002), other procedures may be implemented.

*First*, within 2 weeks of the date of this order, counsel for defendants Miller, Webb, Ashley, Tyler, and Wright are ordered to provide Garrett addresses at which said defendants can be served.[5] *See Dudley*, 2002 WL 992766, at *2 (establishing similar procedure to assist *pro se* plaintiff in obtaining service of process); *Monroe v. Texas Utilities Co.*, No. CIV.A. 301CV1012D, 2002 WL 413866, at *3-4 (N.D. Tex. Mar. 11, 2002) (same).

*Second*, within 57 days after receipt of these addresses, Garrett is ordered to direct the Marshals to make service to the City Clerk or Mayor of the City of Markham on behalf of defendant City of Markham and personal service on individual defendants at addresses provided by defense counsel.

*Third*, within one week following the perfection of service on all defendants, Garrett is instructed to provide proof of service to this Court. If service has not been perfected within the 57 days hereby ordered, Garrett is ordered to provide an explanation for why service has not been perfected.

---

[5] Defendant Lymore is not included within the group because he is not a party to the motions to vacate and dismiss, and, as such, it is not clear whether Defendant Lymore is represented by counsel.

As a final note, I grant leave to defendants (along with a strong recommendation) to re-submit potentially valid arguments raised in their pleadings in a proper Rule 12(b)(6) or 12(b)(4) motion to dismiss. I will entertain such a motion, if defendants wish, during the period in which Garrett has to perfect service. If defendants so submit such a motion, however, I advise them to consider footnote 2 of this opinion.

For the aforementioned reasons, defendants' Motion to Vacate is GRANTED, defendants' Motion to Dismiss for Failure to Effectuate Proper Service Upon the Defendants is DENIED, and plaintiff's Motion for Judgment by Default is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: 3 April 2003