20030087.JMB

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEONARD GARRETT,

    Plaintiff,

v.

THE CITY OF MARKHAM, ILL.,
A Municipal Corp.,

    Defendant.

No. 02 C 5437

Judge Zagel
Magistrate Judge Schenkier

**DOCKETED**
JUN 2 3 2003

FILED
JUN 2 0 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**NOTICE OF FILING**

TO:   Mr. Leonard Garrett
      54 Deerpath Road
      Matteson, IL 60443

    PLEASE TAKE NOTICE that on the 20th day of June, 2003, we have filed with the U.S. District Court, Northern District of Illinois, **MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**, a copy of which is attached hereto.

BRODERICK, STEIGER & MAISEL
500 West Madison Street, Suite 2520
Chicago, Illinois 60661
Tel: (312) 648-5945
Fax: (312) 648-5949

**PROOF OF SERVICE**

    I, Deborah Price, first duly sworn on oath, deposes and says the attached document was served on the party, or parties, as above addressed, by enclosing a copy of same in an envelope, or envelopes, sealed, postage prepaid and depositing same in the United States Mail Chute at 500 West Madison Street, Chicago, Illinois 60661, on the 20th day of June, 2003.

*Deborah Price*

SUBSCRIBED AND SWORN to before me
this 20th day of June, 2003.

*Jennifer R. Jaksinick*
NOTARY PUBLIC

"OFFICIAL SEAL"
JENNIFER R. JAKSINICK
Notary Public, State of Illinois
My Commission Expires 11/24/03

20030087.JMB

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEONARD GARRETT,

    Plaintiff,

v.      No. 02 C 5437

THE CITY OF MARKHAM, ILL.,      Judge Zagel
A Municipal Corp.,      Magistrate Judge Schenkier

    Defendant.

### MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

NOW COMES the Defendant, CITY OF MARKHAM, by and through its attorneys, BRODERICK, STEIGER & MAISEL, and moves this Court, pursuant to Federal Rule 12(b)(6), to dismiss the above-referenced matter in its entirety, and in support thereof, the Defendant states as follows:

### INTRODUCTION

Plaintiff's original Complaint in this case was filed on August 1, 2002. Plaintiff's Amended Complaint was filed on or about April 8, 2003. (Attached hereto as Exhibit A is a true and correct copy of plaintiff's Amended Complaint). GARRETT's most recent Amended Complaint is directed against the CITY OF MARKHAM only. All of the other defendants have been excluded from the plaintiff's most recent filing.

Although quite turgid, the Plaintiff's Amended Complaint consists of three counts. Numerous exhibits are attached. In Count I, the Plaintiff claims a civil rights violation under 42 U.S.C. Section 1983 (hereinafter, the "Civil Rights Act") for acts that occurred on October 7, 1998, October 14, 1998, October 20, 1998, July 19, 1999, and October 7, 1999.



Count II of Plaintiff's Amended Complaint alleges that the CITY OF MARKHAM's Department of Public Works committed an "ongoing" First Amendment civil rights violation from "July 17, 2000 through on or about May 1, 2001." (Ex. A at ¶10) Count III of Plaintiff's Amended Complaint alleges intentional infliction of emotional distress as a result of "all the above actions."

Under Federal Rule 12(b)(6), a court may consider exhibits attached to the plaintiff's own Complaint. See Thompson v. Illinois Department of Professional Regulation, 300 F.3d 750 (7th Cir. 2002). If Defendant chooses to plead additional facts beyond the requisite "short plain statement" showing that the plaintiff is entitled to relief, the plaintiff cannot prevent the defense from suggesting that these same facts demonstrate the plaintiff is not entitled to relief. Thompson v. Illinois Department of Professional Regulation, 300 F.3d at 753-754.

Where Plaintiff attaches documents to his pleadings and relies upon them, dismissal is appropriate if the document negates the claim. Thompson v. Illinois Department of Registration, 300 F.3d at 754.

Within Plaintiff's Amended Complaint and its exhibits, there are absolutely no allegations which even remotely suggest how the conduct by the CITY OF MARKHAM constituted an "ongoing" civil rights violation extended to "May 8, 2001." (Ex. A at ¶10). To the contrary, virtually all of the exhibits attached by the Plaintiff alludes to the activities which occurred on or before October 7, 2000. That October 7, 2000 is the last true operative date in this case further established by the Plaintiff's prior filed Motion for Appointment of Counsel (see Ex. B attached hereto at p.6).

The Plaintiff's omission of anything demonstrating "ongoing conduct" in his Amended Complaint after October 7, 2000 is critical. Plaintiff has filed an earlier case before Judge Kathy

2

Flanagan involving the City of Markham and certain officers involving essentially the same parties and alleging civil rights violations under Section 1983 for those earlier events. This is apparent from a comparison of Plaintiff's most recent Amended Complaint with the "Second Amended Complaint" filed in the Circuit Court of Cook County. That Complaint was dismissed in August, 2002. (Attached hereto as Exhibit C is a true and correct copy of Judge Flanagan's order; attached hereto as Exhibit D is a true and correct copy of the Plaintiff's "Second Amended Complaint" filed before Judge Kathy Flanagan and apparently ruled upon by her).[1] Plaintiff's Amended Complaint is either barred by the applicable statute of limitations or *res judicata*.

## ARGUMENT

### Plaintiff's Claims Are Barred By The Doctrine of *Res Judicata*

The doctrine of res *judicata* precludes the assertion of Plaintiff's claims in this case. Judge Flanagan's order was entered on August 19, 2002. The preclusive effect of res *judicata* bars parties from re-litigating not only matters that were in fact raised and decided in the earlier suit involving the same cause of action and same parties, but also other matters that *could* have been raised in the earlier suit. Hagee v. City of Evanston, 729 F.2d 510, 512 (7th Cir. 1984). The purpose of *res judicata* is to protect parties from being harassed from a multitude of suits from the same alleged wrongful conduct. Mardarino v. Pollard, 718 F.2d 845, 848 (7th Cir. 1983).

*Res judicata* is established by meeting three criteria: identity of parties, identity of issues and a final judgment on the merits in the earlier litigation. Barnett v. Stern, 909 F.2d 973, 978 (7th Cir. 1990). With regard to the identity of issues, the "transactional test" is to be applied by

---

[1] The Court may take judicial notice of matters of public record, orders, items appearing in the record of the case, and exhibits attached to the Complaint, without converting a motion to dismiss for failure to state a claim into a motion for summary judgment under Federal Rule 56. Judge Flanagan's order was attached to plaintiff's original Complaint in this case. See General Electric Capital Corporation v. Lease Resolution Corp., 128 F.3d 1074 (7th Cir. 1997).

this Court to discern the identity of issues element of the doctrine. Xantech Corp. v. Ramco Industries, Inc., 159 F.3d 1089, at 1093 (7th Cir. 1998). In the present case, Plaintiff's Cook County Circuit Court case was still pending when the alleged "ongoing" misconduct by the City of Markham transpired. Thus, by definition, "ongoing" violations going up to May 2001 could have been expressly included in Plaintiff's Amended Complaint which was dismissed by Judge Flanagan in August, 2002.

All other matters alluded to by the Plaintiff in his most recent pleadings in this case, up to and including October, 2000 are, in fact, virtually identical to those previously considered and dismissed by Judge Flanagan. Thus, in the present case, all three elements of *res judicata* are present. Matters covered in the earlier Complaint all involve matters that arose in the year 1999 up until October, 2000. Plaintiff could have litigated any ongoing civil rights violation up to and including the date of Judge Flanagan's dismissal. The remaining parties involved are identical. Thus, the Plaintiff's Amended Complaint is barred by the doctrine of *res judicata*.

### The Plaintiff's Amended Complaint Is Barred By The Statute Of Limitations

The applicable statute of limitations for all counts contained in Plaintiff's Amended Complaint is two years. Ashafka v. City of Chicago, 146 F.3d 459, 462 (7th Cir. 1998)

In the present case, with respect to the Plaintiff's "ongoing" civil rights violation from October, 2000 to May, 2001, it is impossible to divine the constitutionally offensive ongoing conduct which the Village purportedly engaged in. This is probably because the Plaintiff's allusion to May, 2001 is an obvious ploy. Plaintiff changed the date in his Amended Complaint to circumvent the statute of limitations. This is obvious when one considers that the Plaintiff's original Complaint alleged violations dating back to 1999. Thereafter, the statute of limitations was brought to the Court's attention in Defendants' earlier motion. Rather than letting the matter

4

rest, the Plaintiff amended his Complaint to allege "ongoing" violation dating to May, 2001. This contrivance should not work to defeat this Defendant's motion to dismiss.

In any event, for all matters referred to in the Plaintiff's Complaint which arose prior to August 7, 2000, the Plaintiff's Complaint should be stricken and dismissed because they are barred by the applicable statute of limitations.

### Plaintiff's Claim Against The City Of Markham Should Be Dismissed Under Monell And Its Progeny

Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690-691 (1978), requires plaintiff to assert that there was some policy or practice that caused a constitutional deprivation or that the unconstitutional practice was widespread that, although not authorized by any express written municipal policy, it was so permanent and well-settled that it constituted a custom or usage. Further, there must be an allegation that the constitutional injury was caused by a person with final policy-making authority. Garretson v. Burr, 165 F.3d 565, at 571-572 (7th Cir. 1999).

In the present case, even if the Court were to allow plaintiff to proceed, no matter how generously construed, there are no allegations that even remotely suggest a Monell violation in this case. Indeed, all of the actions complained of by the Plaintiff were done by individual officers or agents of the City that are no longer parties to this suit. There is no *respondeat superior* liability under Monell, in any event. Thus, Plaintiff has failed to state a cause of action.

For the foregoing reasons, the Defendant prays that this Court to dismiss the Plaintiff's Amended Complaint with prejudice. Plaintiff cannot amend his Complaint to change this outcome.

Respectfully submitted,

BRODERICK, STEIGER & MAISEL

By: _____
Jeffrey M. Brown
A.R.D.C. #6199440

BRODERICK, STEIGER & MAISEL
Attorneys for CITY OF MARKHAM
500 W. Madison Street
Suite 2520
Chicago, IL 60661
Tel: (312) 648-5945
Fax: (312) 648-5949

6

# SEE CASE FILE FOR EXHIBITS